```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x

ANTHONY DANIELS,

                Petitioner,                    Memorandum & Order
                                               19-CV-6603(EK)(LB)
        -against-

MARK ROYCE,

                Respondent.

----------------------------------x
```

Petitioner Anthony Daniels, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 2014 convictions (returned in a single trial) for committing two robberies in Brooklyn.

Both incidents involved allegations that a partially masked man followed a woman into her apartment building and robbed her while holding a metal object. Police investigated and identified Daniels as a suspect. After the police issued a wanted poster for Daniels, his attorney arranged for him to surrender at the attorney's office. Later, both victims and a police-officer witness identified Daniels in a lineup as the person who had committed the robberies. Daniels was arrested following that and charged.

In connection with his habeas petition, Petitioner seeks discovery concerning his detention prior to the lineup. He claims that when he met with detectives at his lawyer's

office, they handcuffed him and brought him to the precinct, where he was "locked in a holding room under lock and key" until being brought to the lineup.  ECF No. 18 at 3.[1]  Petitioner seeks surveillance videos from the "Legal Aid Society Building" and from the "side entrance of the 90th Precinct," which he claims will show that he was under "full blown arrest" prior to the lineup, in violation of his constitutional rights.  *Id*. at 3, 5-7.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course."  *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).  Rule 6(a) of the Rules Governing Section 2254 Cases provides that a judge "may" authorize discovery "for good cause."  To show good cause under Rule 6(a), a petitioner must present "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"  *Bracy*, 520 U.S. at 909.

Petitioner does not demonstrate how this discovery request would advance his petition.  He does not allege, for example, that he made any statements during this alleged detention that were then improperly admitted into evidence at

---

[1] Page numbers refer to ECF pagination.

2

trial.  (On the contrary, Petitioner's discovery motion reports that he "never made any statements to committing any crime." ECF No. 18 at 3.)

Petitioner does contend that the evidence he seeks will "prove" that he was "illegally arrested way before the line-up even took place."  *Id.*  This claim sounds in the Fourth Amendment, suggesting that Petitioner believes he was arrested without probable cause and that the subsequent line-up constitutes the fruit of that poisonous tree.  This assertion, however, cannot be a basis for habeas review in light of *Stone v. Powell*, 428 U.S. 465, 494 (1976).  In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Id.* at 494.

Here, the state court held a one-day hearing on Daniels' motion under *Dunaway v. New York*, 442 U.S. 200 (1979), challenging the probable cause for his arrest.  The state court then issued a reasoned ruling addressing, and denying, his motion.  *See, e.g.*, *Hicks v. Bellnier*, 43 F. Supp. 3d 214, 231 (E.D.N.Y. 2014) ("Petitioner would be hard-pressed" to establish such "an unconscionable breakdown" where "the trial court held an evidentiary hearing, allowed Petitioner to present a case in

3

support of his motion, and issued a reasoned ruling that there was reasonable suspicion to stop Petitioner and that the resulting evidence would be admissible at trial."). Post-trial, Petitioner took advantage of state appeal procedures. *See, e.g.*, *Singh v. Miller*, 104 F. App'x 770, 772 (2d Cir. 2004) (finding no unconscionable breakdown occurred where petitioner raised his Fourth Amendment claims at a suppression hearing and on appeal). There is thus no "good cause" for discovery because Petitioner has not demonstrated that he is entitled to relief on the underlying habeas claim.

   Petitioner's discovery motion is denied. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

   SO ORDERED.

               /s Eric Komitee
                ERIC KOMITEE
                United States District Judge

Dated:  September 28, 2021
      Brooklyn, New York